15-1161
Planetarium Travel, Inc. v. Altour International Inc. et al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         DEBRA ANN LIVINGSTON,
         CHRISTOPHER F. DRONEY,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
PLANETARIUM TRAVEL, INC.
         Plaintiff-Appellant,

         -v.-                                    15-1161

ALTOUR INTERNATIONAL INC.,
         Defendant-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          DAVID DETOFFOL, DETOFFOL &
                        ASSOCIATES, New York, New York.

FOR APPELLEE:           EVAN SHAPIRO, SKARZYNSKI BLACK
                        LLC, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, J.).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Planetarium Travel, Inc. ("Planetarium") appeals from the judgment of the United States District Court for the Southern District of New York (Torres, J.), granting Altour International Inc's ("Altour") motion to dismiss this antitrust case. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Planetarium's complaint alleges that Altour, another supplier, induced American Express Travel Related Services Company, Inc. ("Amex"), a distributor, not to renew Planetarium's franchise agreement with Amex. Planetarium's antitrust claim is thus based on a vertical restraint. See Bus. Elecs. Corp. v. Sharp Elecs. Corp., 485 U.S. 717, 730 (1988) ("Restraints . . . imposed by agreement between firms at different levels of distribution [are] vertical restraints."). "[V]ertical restraints are generally subject to 'rule of reason' analysis." Elecs. Commc'ns Corp. v. Toshiba Am. Consumer Prods., Inc., 129 F.3d 240, 243 (2d Cir. 1997); see also Leegin Creative Leather Prods., Inc. v. PSKS, Inc., 551 U.S. 877, 907 (2007).

To establish an antitrust violation under the rule of reason: (1) plaintiff "'bears the initial burden of showing that the challenged action has had an *actual* adverse effect on competition as a whole in the relevant market'"; (2) if the plaintiff carries this burden, "the burden shifts to the defendant to establish the 'pro-competitive redeeming virtues' of the action"; (3) should the defendant make this showing, "the plaintiff must then show that the same pro-competitive effect could be achieved through an alternative means that is less restrictive of competition." K.M.B. Warehouse Distribs., Inc. v. Walker Mfg. Co., 61 F.3d 123, 127 (2d Cir. 1995) (quoting Capital Imaging Assocs., P.C. v. Mohawk Valley Med. Assocs., Inc., 966 F.2d 537, 543 (2d Cir. 1993)). Planetarium's initial burden in this analysis can be discharged in two different ways: alleging an "actual adverse effect on competition, such as reduced output," or "indirectly by establishing that [the competitor] had sufficient market power to cause an adverse effect on competition." Tops Mkts., Inc. v. Quality Mkts., Inc., 142 F.3d 90, 96 (2d Cir. 1998). Importantly, "[b]ecause the

antitrust laws protect competition as a whole, evidence that plaintiffs have been harmed as individual competitors will not suffice." Geneva Pharm. Tech. Corp. v. Barr Labs., Inc., 386 F.3d 485, 507 (2d Cir. 2004).

Planetarium has failed to allege an actual adverse effect on competition. "[E]xclusive distributorship arrangements are presumptively legal," and Planetarium has failed to explain how this arrangement would impair competition in the sales of first class and business class airline tickets. Elecs. Commc'ns Corp., 129 F.3d at 245. Nor has Planetarium alleged that Altour has sufficient market power to adversely affect competition. At most, an examination of the complaint and its attached documents reveals that Altour is the 13th largest travel agency in the United States and that Amex was only recouping 9 % of travel spending from its card members. These factual allegations provide no indication that such market share gives rise to market power, i.e., the ability "to raise price significantly above the competitive level without losing all of [its] business." K.M.B. Warehouse Distribs., 61 F.3d at 129 (quoting Graphic Prods. Distribs., Inc. v. ITEK Corp., 717 F.2d 1560, 1570 (11th Cir. 1983)). The district court correctly ruled that Planetarium did not plausibly allege a violation of the antitrust laws.

For the foregoing reasons, and finding no merit in Planetarium's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3